# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-326V
Filed: November 2, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LARRY THOMPSON, | * | Special Master Oler |
| | * | |
| Petitioner, | * | |
| v. | * | Petitioner's Motion for a Decision; |
| | * | Dismissal of Petition; Vaccine Act; Denial |
| SECRETARY OF HEALTH | * | Without Hearing. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Lawrence Gene Michel*, Kennedy, Berkley, *et al.*, Salina, KS, for Petitioner.

*Amy Paula Kokot*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On March 9, 2017, Larry Thompson ("Petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that he suffered from Idiopathic Thrombocytopenia Purpura ("ITP") as a result of receiving a tetanus, diphtheria, and pertussis ("Tdap") vaccine on April 18, 2016. Petition ("Pet.") at 1, ECF No. 1. On that same date, Petitioner also filed an affidavit (*see* Ex. 1, ECF No. 1-1), and three additional exhibits comprised of medical records (*see* Exs. 2-4, ECF Nos. 1-2 thru 1-4).

On April 21, 2017, Petitioner filed a Statement of Completion, attesting that "all of the records required by [the Vaccine Act] pertaining to the above-captioned case" were filed as of that date. *See* Statement of Completion, ECF No. 7. In response, the special master who was initially

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Vaccine Program"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

assigned this case issued an order on April 24, 2017, requesting that Respondent file a status report stating whether Respondent agrees that the records are complete. ECF No. 8. On September 19, 2017, Respondent filed a status report stating that his initial review indicated that the "record appears complete for purposes of filing [his] Rule 4(c) Report," and proposed a date for filing that report. ECF No. 13.

Respondent filed a Rule 4(c) Report on November 28, 2017, recommending that compensation be denied and this case be dismissed. *See* Respondent's Rule 4(c) Report at 1, 7, ECF No. 16. In his Rule 4(c) Report, Respondent pointed out, among other things, that the record as of November 28, 2017, did not reflect that Petitioner had met the Vaccine Act's severity requirements set forth at § 300aa-11(c)(1)(D).[3] *See Id.* at 6-7.

This case was transferred to my docket on December 1, 2017. ECF No. 18. On December 5, 2017, Petitioner filed a status report requesting time to file an expert report in support of his claim; I granted that request. *See* ECF No. 21; *see also* non-PDF Order of December 7, 2017. On April 2, 2018, instead of filing an expert report, Petitioner filed a motion for a ruling on the record. ECF No. 23. In that one-page motion, Petitioner referenced the four exhibits that had been filed up to that point in this case, and, without more, deemed those "records to support a ruling in favor of [P]etitioner." Respondent filed a response on April 16, 2018, stating (1) that "[P]etitioner has failed to provide preponderant evidence in support of his causation-in-fact claim," and (2) that "the record does not reflect that [P]etitioner's ITP or its sequela persisted for more than six months after the administration of his Tdap vaccine." *See* ECF No. 24 at 1.

I issued a Scheduling Order on July 27, 2018, informing the parties that Petitioner's motion for a ruling on the record was *not* in compliance with this Court's directives, as outlined in the Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines"),[4] posted on the Court's website.[5] ECF No. 25 at 3. Additionally, in that scheduling order, I informed the parties that the record, as it existed at that time, did not reflect that Petitioner's

---

[3] Specifically, §300aa-11(c)(1)(D) of the Vaccine Act requires that a Petitioner either show that: (1) he "suffered the residual effects or complications of [his alleged ITP] for more than 6 months after the administration of the vaccine" (*see* §300aa-11(c)(1)(D)(i)); (2) that he "died from the administration of the vaccine" (*see* §300aa-11(c)(1)(D)(ii)); or (3) that his ITP "resulted in inpatient hospitalization and surgical intervention" (*see* § 300aa-11(c)(1)(D)(iii)).

[4] In relevant part, Section IX of the Guidelines states the following regarding a motion for a ruling on the record:

> In the motion, petitioner should specifically identify the evidence in the record on which petitioner relies with reference to the exhibit numbers and specific page numbers, as well as specific statements, diagnoses, and conclusions made by medical professionals that support petitioner's claim. *Simply referring to exhibits generally is insufficient. Petitioner should also explain how this information supports petitioner's theory of causation in the absence of an expert medical opinion.* A template for a motion for a ruling on the record is available at http://www.uscfc.uscourts.gov/vaccinesample-filings.

Guidelines at 62, emphasis added. I thus informed Petitioner that his one-page motion for a ruling on the record, which lacked proper explanation and analysis of the medical records in support of his claim, did not meet the standards articulated in the Guidelines. ECF No. 25 at 3.

[5] The posted Guidelines can be accessed at the following link: https://www.uscfc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf.

2

ITP or its sequela persisted for more than six months after the administration of his Tdap vaccine. *Id*. Accordingly, I ordered Petitioner to either file: 1) additional medical records and a brief articulating how Petitioner met the six-month injury requirement in this case; or 2) a motion for a dismissal decision, as articulated in the Guidelines. *Id*. at 4. Petitioner subsequently requested an extension of time (ECF No. 26), which I granted (*see* non-PDF Scheduling Order of 9/26/2018).

On October 25, 2018, Petitioner filed his present motion to dismiss this case. Motion to Dismiss, ECF No. 27. In that Motion, Petitioner "moves for a decision by the Special Master dismissing his case," stating that "[a]n investigation of the facts and science supporting his case has demonstrated to [P]etitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." *Id*. at 1. A member of my staff communicated with counsel for both parties via electronic mail on November 2, 2018, requesting Respondent to state his position on this instant Motion. Respondent's counsel indicated that Respondent does not oppose this instant motion.

To receive compensation under the Vaccine Program, Petitioner must prove either (1) that he suffered a "Table Injury" -- *i.e.*, an injury falling within the Vaccine Injury Table -- from his Tdap vaccination, or (2) that he suffered an injury that was actually caused by his Tdap vaccination. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master