# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 25, 2019

```
* * * * * * * * * * * * *
LARRY THOMPSON,              *
                             *
        Petitioner,          *    No. 17-326V
                             *    Special Master Oler
v.                           *
                             *    Attorneys' Fees and Costs
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
        Respondent.          *
* * * * * * * * * * * * *
```

*Lawrence G. Michel*, Kennedy, Berkley, et al., Salina, KS, for Petitioner.
*Amy P. Kokot*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 9, 2017, Larry Thompson ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he suffered idiopathic thrombocytopenia purpura ("ITP") as a result of receiving the diphtheria tetanus acellular pertussis ("DTaP") vaccine on April 18, 2016. *See* Petition, ECF No. 1, at 1. On October 25, 2018, petitioner filed a motion for a decision dismissing his petition. ECF No. 27. On November 2, 2018, the undersigned issued her Decision dismissing the petitioner for insufficient proof. ECF No. 28.

On December 13, 2018, Petitioner filed an application for attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 31 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $12,628.08, representing $8,848.00 in attorneys' fees, $3,780.08 in attorneys' costs. Fees App at 2. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. D. Respondent responded to the motion on December 16, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 32. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.   **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although petitioner was not successful in pursuing his claim, the undersigned finds that both elements have been met. First, the undersigned does not doubt that petitioner brought his claim in a good-faith belief that his vaccination played a causal role in his injury. Additionally, the claim possessed sufficient objective support to meet the second half of the reasonable basis test, and Respondent has not challenged the reasonable basis of the claim. Accordingly, a final award of attorneys' fees and costs is proper.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Reasonable Hourly Rates**

Petitioner requests that his attorney, Mr. Lawrence Michel, be compensated at $300.00 per hour for all work performed in this case from 2016 to 2018. Fees App. at 2. However, this exceeds what has previously been awarded to Mr. Michel for work performed in 2016-2017. *See Zahringer v. Sec'y of Health & Human Servs.*, No. 15-1057V, 2017 WL 1435884 (Fed. Cl. Spec. Mstr. Mar. 30, 2017). In *Zahringer*, the presiding special master noted that she had discussed with Mr. Michel

what would be required if he sought forum rates, after which he advised that he would accept compensation at $260.00 per hour for his work from 2015-2017, a rate which he had previously been awarded. *Id.* at *2. Accordingly, the undersigned will also compensate Mr. Michel at $260.00 per hour for his work in this case in 2016 and 2017.

The undersigned will now turn to establishing a reasonable rate for Mr. Michel's work in 2018. Although the undersigned does not doubt that an increase from his 2017 rate is reasonable, awarding the requested rate of $300.00 per hour is excessive. Here, petitioner does not request compensation at forum rates for Mr. Michel (nor has petitioner submitted evidence which would permit the undersigned to make a reasoned determination as to whether Mr. Michel's locale of Salina, Kansas would bear similar rates as the forum of Washington, DC).

Special masters have traditionally turned to Producer Price Index for the Office of Lawyers ("PPI-OL") when determining an appropriate increase in yearly rate.[3] *See, e.g., Hubbell v. Sec'y of Health & Human Servs.*, No. 17-272V, 2019 WL 978815, at *2 (Fed. Cl. Spec. Mstr. Jan 17, 2019); *Pember v. Sec'y of Health & Human Servs.*, No. 15-1005V, 2018 WL 3989514, at *1 n.2 (Fed. Cl. Spec. Mstr. Jun. 28, 2018); *Hanson v. Sec'y of Health & Human Servs.*, No. 16-977V, 2018 WL 2772519, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2018).

Based upon Mr. Michel's 2017 rate of $260.00 per hour, his increase for 2018 based on the PPI-OL (rounded up to the nearest dollar) would result in a rate of $269.00 per hour. Nonetheless, given Mr. Michel's overall legal experience and continuing accrual of relevant vaccine litigation experience, and the fact that his rate has remained unchanged since 2015, the undersigned will award Mr. Michel a rate of $275.00 per hour for 2018, which is a more reasonable rate in the undersigned's experience. Accordingly, applying the aforementioned rates to the hours billed in this case results in a reduction of **$901.00**.[4]

### b. Reasonable Hours Expended

Petitioner requests compensation for 40.2 total hours billed by Mr. Michel and a legal assistant. Fees App. Ex. A. Petitioner has submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The undersigned has reviewed the billing records and does not find any entries to be objectionable, and Respondent has not objected to any particular entry either. Accordingly, the undersigned finds the hours expended on this matter to be reasonable. Petitioner is therefore entitled to a final award of attorneys' fees in the amount of **$7,947.00**.

### c. Attorneys' Costs

---

[3] The PPI-OL index is provided by the Department of Labor, Bureau of Labor Statistics, and has widely been adopted by special masters for the purposes of increasing yearly rates for practicing attorneys in the Vaccine Program.

[4] The billing records indicate that Mr. Michel billed 25.6 hours in this case, of which 17.4 were billed in 2016-2017, and 8.2 in 2018. Fees App. Ex. A. Applying the rate of $260.00 per hour to the 2016-2017 hours results in a reduction of $696.00 and applying the rate of $275.00 per hour to the 2018 hours results in a reduction of $205.00.

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,780.08 in attorneys' costs. This amount consists of acquiring medical records, the Court's filing fee, and the work of an expert, Dr. Brian Geisbrecht. Petitioner has provided adequate documentation of all these expenses and all are reasonable in the undersigned's experience.[5] Accordingly, the requested costs shall be awarded in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $8,848.00 |
| (Reduction to Total Hours) | - ($901.00) |
| **Total Attorneys' Fees Awarded** | **$7,947.00** |
| | |
| Attorneys' Costs Requested | $3,780.08 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,780.08** |
| | |
| **Total Amount Awarded** | **$11,727.08** |

**Accordingly, the undersigned awards a lump sum in the amount of $11,727.08, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Lawrence G. Michel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Katherine E. Oler</u><br>
Katherine E. Oler<br>
Special Master

---

[5] Concerning the work done by Dr. Geisbrecht, the undersigned finds the total amount reasonable in light of the work performed in this particular case. The undersigned is not making a determination concerning the reasonableness Dr. Geisbrecht's hourly rate at this time and reserves the right to examine Dr. Geisbrecht's compensation in light of the work performed in future cases.

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).